J-A09016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ESTATE OF ROBERT M. MUMMA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROBERT M. MUMMA, II | : : : : : : : : | |
| | : | No. 74 MDA 2022 |

Appeal from the Order Entered December 6, 2021
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s):  21-86-0398

| | | |
|---|---|---|
| IN RE:  THE ESTATE OF ROBERT MUMMA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROBERT M. MUMMA, II | : : : : : : : | |
| | : | No. 75 MDA 2022 |

Appeal from the Order Entered December 6, 2021
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s):  21-86-0398

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED: MARCH 22, 2023**

Appellant, Robert M. Mumma, II, appeals two orders entered in the

Orphans' Court Division of the Court of Common Pleas of Cumberland County

on December 6, 2021.  We are constrained to quash this appeal as untimely.

Because our disposition turns on a limited set of facts, we recite only a

distilled history of this long-running dispute.  Robert M. Mumma (Mumma, Sr.)

died testate on April 12, 1986.  Two testamentary trusts, a marital trust and

a residual trust, were created under the terms of his will.  Letters testamentary on Mumma, Sr.'s estate were granted to Barbara McK. Mumma (the widow of Mumma, Sr. and hereinafter "B.M. Mumma") and Lisa M. Morgan (one of Mumma, Sr.'s daughters and hereinafter "Ms. Morgan"), to serve as co-executrixes and co-trustees.

B.M. Mumma died in July 2010 and Ms. Morgan became the sole trustee of the marital and residual trusts.  On June 7, 2019, Ms. Morgan filed a petition seeking the Orphans' Court's approval to combine the marital and residual trusts.  Over Appellant's objections, the Orphans' Court approved Ms. Morgan's proposal to combine the trusts.

On July 27, 2021, Ms. Morgan filed the two petitions giving rise to the present appeals.  Without going into unnecessary detail, both petitions requested court approval to withhold distributions from the combined trust. On August 2, 2021, the Orphans' Court issued rules to show cause for both petitions filed by Ms. Morgan and Appellant responded in opposition to both petitions.  Later, the Orphans' Court scheduled hearings on Ms. Morgan's petitions for December 2, 2021.

Appellant failed to appear at the December 2nd hearings.  Nevertheless, the proceedings went forward, and the Orphans' Court granted both petitions. The orders granting Ms. Morgan's petitions were recorded in the docket on December 6, 2021 and notice of the orders was provided that same day

pursuant to Orphans' Court Rule 4.6. Appellant filed two notices of appeal challenging the Orphans' Court's orders on January 6, 2022.[1]

The timeliness of an appeal concerns our appellate jurisdiction, and we may raise the issue *sua sponte*. **See Commonwealth v. Andre**, 17 A.3d 951, 957–958 (Pa. Super. 2011). To lodge a timely appeal from a final order, "the notice . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "[Under our appellate rules, the date of entry of an order] shall be the day the clerk of the court [] mails or delivers copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1).

Here, the Orphans' Court entered the orders challenged on appeal on December 6, 2021, when notice of the December 2, 2021 orders was issued to the parties pursuant to Orphans' Court Rule 4.6. As such, the 30-day appeal period began to run on December 6, 2021, and Appellant needed to file his notices of appeal no later than January 5, 2022. Appellant concedes that he filed his notices of appeal on January 6, 2022, one day after the appeal period lapsed.[2] **See** Appellant's Reply Brief at 2. Because Appellant failed to file timely notices of appeal, we lack jurisdiction to address the merits of Appellant's claims. Accordingly, we quash.

---

[1] Both Appellant and the Orphans' Court have complied with Pa.R.A.P. 1925.

[2] Appellant asks this Court to excuse his untimely filings, claiming that he relied upon erroneous advice from an individual in the clerk's office. **See** Appellant's Reply Brief at 2-3. We decline this invitation.

- 3 -

J-A09016-23

Appeal quashed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/2023